CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 5 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICKOLAUS LAIN BROWN, )<br><br>Petitioner, )<br>v. )<br><br><br>DIRECTOR, DEPARTMENT )<br>OF CORRECTIONS, )<br><br>Respondent. ) | CASE NO. 7:12CV00185<br><br>MEMORANDUM OPINION<br><br><br><br>By:  James C. Turk<br>Senior United States District Judge |

Petitioner, an inmate proceeding pro se, filed this petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement for multiple

convictions under Virginia law.  Upon review of the parties' submissions and state court records

from the Circuit Court of Montgomery County, the Court of Appeals of Virginia, and the

Supreme Court of Virginia, the court concludes that the respondent's motion to dismiss the

petition must be granted.

I

After a jury trial in the Circuit Court of Montgomery County on January 8, 2004,

Nickolaus Lain Brown was convicted of attempted robbery, use of a firearm in an attempted

robbery, attempted capital murder, and use of a firearm in an attempted capital murder (Case

Nos. 03-943, 03-945, 03-1176, & 03-1180, respectively).  The evidence offered at trial was that

on May 6, 2003, Brown entered the Texaco Handy Mart in Christiansburg, pointed a firearm at

store employee Remon Yassa and demanded money, and pulled the trigger several times,

although the gun did not fire.  These are the convictions that Brown challenges in his § 2254

petition ("the Christiansburg convictions").

On January 21, 2004, Brown was tried before the Court on different indictments and was found guilty of two counts of use of a firearm in robbery and two counts of robbery (Case Nos. 03-863, 03-864, 03-865, & 03-866, respectively). The evidence offered at this trial was that on May 6, 2003, Brown entered a convenience store in Blacksburg, grabbed store employee Mr. Chaudary and pointed what appeared to be a pistol at him, demanded and received money from the register, and fled.

The Court scheduled the Blacksburg robbery and firearms convictions and Christiansburg convictions for sentencing, and on April 19, 2004, entered a single sentencing order addressing all of these convictions, stating as follows:

> Incarceration with the Virginia Department of Corrections for the term of: 1 year for ATTEMPTED ROBBERY, 30 years for ATTEMPTED CAPITAL MURDER, 3 years for each USEOF FIREARM IN ATTEMPTED MURDER (3 years is the mandatory minimum for this charge), 25 years for each ROBBERY, and 5 years for each USE OF FIREARM IN ATTEMPTED ROBBERY. The ROBBERY sentences run concurrent with each other and concurrent with ATTEMPTED ROBBERY and ATTEMPTED CAPITAL MURDER. The total sentence imposed is 56 years.

Brown, through counsel, filed a notice of appeal, listing Case Nos. 03-1176 through 1182, 03-943 through 945 (the Christiansburg convictions), and 03-861 through 866 (the Blacksburg convictions). Counsel also obtained a transcript of the jury trial on the Christiansburg offenses. Brown states that counsel informed him by letter that petitions for appeal would be filed. The records of the Court of Appeals of Virginia, however, include a petition for appeal only as to Brown's Blacksburg offenses (Record No. 1032-04-03), which was ultimately dismissed by order dated March 23, 2005.

Brown, through counsel, appealed the dismissal of Record No. 1032-04-03 to the Supreme Court of Virginia (Record No. 050784). Brown's Supreme Court petition for appeal addresses the sufficiency of the evidence as to the Blacksburg and the Christiansburg offenses, as

2

does the respondent's motion to dismiss the appeal.[1] By summary order dated September 8, 2005, based on review of the parties' arguments, the Supreme Court of Virginia refused the petition for appeal. No petition for a writ of certiorari on Brown's behalf was filed in the United States Supreme Court.

On February 10, 2010, Brown filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County (Case No. 10-6749), alleging court errors, prosecutorial misconduct, insufficient evidence, and ineffective assistance of counsel at trial and on appeal. The respondent moved for dismissal of Brown's petition as untimely filed under the applicable statute of limitations for habeas petitions. See Virginia Code Ann. § 8.01-654(A)(2) (mandating that a habeas petition challenging a criminal judgment be filed within two years from final judgment in the trial court or one year from completion of direct appeal or expiration of time for filing such appeal, whichever is later). In the motion to dismiss, the respondent asserted that the Court of Appeals of Virginia had no record of Brown's appeal of the Christiansburg convictions.

After receiving the motion to dismiss, Brown filed a "motion to vacate" his habeas petition without prejudice so he could appeal. The circuit court denied this motion and, ultimately, dismissed Brown's habeas petition by order dated April 7, 2011. Brown then appealed the habeas ruling to the Supreme Court of Virginia (Record No. 111434), which refused his petition for appeal by order dated December 6, 2011.

On April 16, 2012, Brown signed his handwritten § 2254 petition and mailed it to this court, where it was received on April 19, 2012. Brown alleges the following grounds for relief: (1) The trial judge abused discretion when answering juror questions; (2) Counsel was ineffective in failing to object to the court's abuse of discretion regarding the juror question; (3)

---

[1] Brown presents a letter dated June 14, 2005, in which counsel informs Brown, "Your appeal has been sent to the Supreme Court"; the letter does not list any case numbers. (ECF No. 2-1, at 17.)

The prosecutor made misleading remarks to jurors; (4) The court improperly allowed the prosecution to present demonstrative evidence; (5) The evidence was insufficient to support Brown's convictions for attempted capital murder and use of a firearm during that offense; and (6) Counsel was ineffective in (a) failing to prepare for trial; (b) failing to request favorable evidence for the defense; (c) failing to raise objections; (d) failing to renew motions and preserve them for appeal; and (e) failing to properly file a direct appeal from the judgment after petitioner asked counsel to do so.[2] The respondent filed a motion to dismiss, arguing that the § 2254 petition was untimely filed under 28 U.S.C. § 2244(d), and Brown responded, making the matter ripe for consideration. Brown also submitted a pleading that he entitled: "Motion for Belated Appeal."

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, under § 2244(d)(1)(A), the federal filing period begins to run from the date on which the judgment of conviction becomes final – when petitioner no longer has an available avenue for direct review, when the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. See Clay v. United States, 537 U.S. 522 (2003).

For purposes of the statute of limitations analysis only, the court will presume without finding that the Supreme Court of Virginia addressed Brown's appeal of the Christiansburg

---

[2] Brown filed an amended petition on May 30, 2012, raising these same claims in a typewritten memorandum (ECF No. 7).

offenses on the merits in refusing his petition for appeal by order dated September 8, 2005.[3]

When Brown did not pursue a petition for a writ of certiorari to the United States Supreme Court

within 90 days thereafter, on December 7, 2005, Brown's convictions became final under

§ 2244(d)(1)(A).[4]  At that point, Brown's one-year period to file a timely § 2254 petition began

running and expired on December 7, 2006.  Brown did not file his § 2254 petition until April 16,

2012, at the earliest, more than five years too late under § 2244(d)(1)(A).

Brown also does not allege facts on which any of his § 2254 claims could be deemed

timely under § 2244(d)(1)(B), based on the removal of an impediment, or § 2244(d)(1)(C), based

on a new, retroactive Supreme Court decision.

Brown asserts that his § 2254 claims should be deemed timely under § 2244(d)(1)(D),

based on his discovery in May 2010 (from the motion to dismiss filed in the state habeas

proceedings) that counsel had never perfected an appeal of the Christiansburg offenses.[5]  This

argument has no merit.  Subsection 2244(d)(1)(D) allows calculation of a habeas petitioner's

federal filing period from the date on which he could first have discovered, "through the exercise

of due diligence," the facts necessary to his § 2254 claims.  At the time of the trial, Brown knew

the facts necessary to all of his habeas claims, except his allegations about counsel's failings

during the direct appeal process.  Believing that his appeal had gone to the Court of Appeals and

---

[3]  The respondent argues that the timeliness of Brown's petition should be calculated as though he filed no appeal of the Christiansburg offenses.  This argument ignores the fact that the Supreme Court of Virginia considered the parties' arguments as to the Christiansburg and Blacksburg offenses and summarily refused the appeal, apparently on the merits.

[4]  See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed.").

[5]  Brown  asserts that until he received the motion to dismiss his state petition, he believed that his appeal of the Christiansburg offenses had gone to the Supreme Court of Virginia in Record No. 050784, as the Supreme Court's record appears to indicate.

then to the Supreme Court of Virginia, where it was dismissed on September 8, 2005,

nevertheless, Brown waited four and a half years, until February 10, 2010, to file his habeas

petition in the circuit court.  If Brown had filed a timely state habeas petition as to Claims 1

through 5 and 6(a) through (d), based on facts already known to him, he could have discovered

much earlier the problems with his appeal and could have asserted timely state habeas claims on

this issue as well.  Because Brown fails to state any facts on which the court could find that he

acted with due diligence in discovering the "new" facts about the appeal, the court cannot find

that any of his § 2254 claims are timely filed under § 2244(d)(1)(D).

Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's

"properly filed application for State post-conviction or other collateral review" is pending.

Because statutory time limits on state petitions are "condition[s] to filing," an untimely state

petition is not "properly filed" for purposes of tolling under § 2244(d)(2).  Artuz v. Bennett, 531

U.S. 4, 11 (2000).

 Brown did not file his state habeas petition until long after his federal filing period

expired.  Therefore, the pendency of the state habeas proceedings cannot toll the federal

limitations period.  Moreover, because the circuit court dismissed Brown's state habeas petition

as untimely filed and the Supreme Court summarily dismissed his habeas appeal, Brown's state

petition was not "properly filed" for purposes of tolling under § 2244(d)(2).  Artuz, 531 U.S. at

11.  Accordingly, Brown is not entitled to any statutory tolling of the federal filing period under

§ 2244(d)(2), and his federal petition is clearly untimely under § 2244(d)(1).

Equitable tolling is available in federal habeas where the petitioner shows: (1) he pursued

his rights with reasonable diligence; and (2) some extraordinary circumstance prevented him

from timely filing his habeas petition.  See Holland v. Florida __ U.S.__, 130 S. Ct. 2549, 2562

(2010). Only in those "rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result" is equitable tolling warranted. Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). Generally, an inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Brown's vague allegations about prison transfers, law library inadequacies, and lack of legal training do not suffice to meet the heavy evidentiary burden required to warrant equitable tolling of the federal filing period for more than four years. Therefore, the court concludes that Brown is not entitled to equitable tolling to allow consideration of his habeas claims on the merits.

### III

For the reasons stated, the court grants the motion to dismiss and dismisses Brown's petition as untimely filed under § 2244(d). The court also denies Brown's separate motion for a belated appeal in the state courts, as this motion merely raises another untimely habeas claim on which relief is time-barred under § 2244(d). An appropriate order will enter this day.

For the reasons stated, the court dismisses Brown's petition without prejudice as untimely filed. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This _15th_ day of January, 2013.

_____
Senior United States District Judge